IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID JOHNSON,

      Plaintiff,

     v.

THE STATE OF ILLINOIS,

      Defendant.

No. 1:20-cv-05862
Judge Franklin U. Valderrama

## MEMORANDUM OPINION AND ORDER

Acting *pro se*, Plaintiff David Johnson (Johnson) filed this federal action alleging claims under 28 U.S.C. §§ 1983 and 1985 against Defendant the State of Illinois (the State). R. 4, Compl. at 2.[1] Johnson's Complaint stems from a set of claims seeking over $10 million in damages related to an allegedly wrongful traffic stop, which were filed in and subsequently dismissed by the Illinois Court of Claims. R. 8-6, 5/10/18 Order at 2.[2] While somewhat difficult to discern, Johnson apparently asserts three claims under 28 U.S.C. §§ 1983 and 1985: (1) alleging that the State violated his due process rights by denying his motion for default judgment and

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

[2]The Court may take "judicial notice of matters which are so commonly known within the community as to be indisputable among reasonable men, or which are capable of certain verification through recourse to reliable authority." *McCray v. Hermen*, 2000 WL 684197, at *2 n.1 (N.D. Ill. May 23, 2000) (quoting *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)). "Included in these matters are 'proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.'" *Id.* (quoting same); *see also Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.").

allegedly tampering with the docket to permit late filing, (2) challenging the Court of Claims' denial of his Motion for Default, and (3) alleging that one of the Court of Claims Commissioners should have recused himself from the proceedings. Compl. at 5–6.

The State argues that the Court should dismiss Johnson's Complaint under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject-matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) because Johnson has failed to state a claim. R. 7, Mot. Dismiss; R. 8, Memo. Dismiss at 3.

The State's Motion to Dismiss is granted because the Court does not have subject matter jurisdiction over Johnson's claim.

## Background

Johnson originally filed suit in the Illinois Court of Claims seeking millions of dollars in damages for alleged violations of his constitutional rights during a traffic stop where he was arrested and received a summary suspension of his driver's license. 5/10/18 Order at 2.[3] Johnson then filed a second complaint in the Court of Claims arguing that he was entitled to a default judgment because the defendants did not timely file an answer within sixty days. *Id.* Ultimately, both of Johnson's Court of Claims complaints were dismissed for failure to state a claim. *Id.*

In 2016, Johnson filed separate petitions for writ of *certiorari* before the Illinois circuit court, seeking review of the Court of Claims decisions, but the circuit court

---

[3]The Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

dismissed Johnson's petitions with prejudice for failure to state a claim and for not alleging a due process violation. 5/10/18 Order at 2–3. In 2018, the Illinois Appellate Court affirmed the circuit Court's decision. *Id.* Johnson then filed a Petition for Leave to Appeal to the Illinois Supreme court, which was denied. R. 10 at 51.

Johnson then filed the instant suit in federal court. Johnson appears to: (1) allege that the State violated his due process rights by denying his motion for default judgment and allegedly tampering with the docket to permit late filing, (2) challenge the Court of Claims' denial of his Motion for Default, and (3) allege that one of the Court of Claims Commissioners should have recused himself from the proceedings. Compl. at 2. For the reasons that follow, the State's Rule 12(b)(1) motion is granted.

## Standard of Review

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Standing is an "essential component of Article III's case-or-controversy requirement," and the plaintiff "bears the burden of establishing standing . . . in the same way as any other matter on which the plaintiff bears the burden of proof . . . ." *Apex Digital, Inc. v. Sears Roebuck & Co.,* 572 F.3d 440, 443 (7th Cir. 2009). In order to survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). When deciding a facial challenge to subject matter jurisdiction—that is, when the defendant argues that the plaintiff's *allegations* as to jurisdiction are inadequate—"the district court must

3

accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But district courts may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether *in fact* subject matter jurisdiction exists." *Taylor*, 875 F.3d at 853 (citing *Apex Digital*, 572 F.3d at 444). In that case, "no presumptive truthfulness attaches to plaintiff's allegations," and the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Apex Digital*, 572 F.3d at 444 (internal citations omitted).

## Analysis

The State advances three arguments in support of its Motion to Dismiss. First, the State argues that the Eleventh Amendment bars all claims against the State. Memo. Dismiss at 3. Second, the State contends that the Court lacks subject matter jurisdiction over Johnson's claim under the *Rooker-Feldman* doctrine. *Id.* Third, the State asserts that Johnson fails to state a claim. *Id.* The Court addresses, where necessary each argument in turn.

## I. Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. CONST. amend XI. "The Eleventh Amendment deprives federal courts jurisdiction to consider most suits against states.

State agencies and officials sued in their official capacities are 'the state' for Eleventh Amendment purposes." *Olison v. Governor Ryan*, 2000 WL 1263597, at \*4 (N.D. Ill. Sept. 5, 2000) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)); *see also Ind. Prot. and Advoc. Servs. v. Ind. Fam. and Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th. Cir. 2010) ("If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities.") (internal citations omitted). Furthermore, "state agencies and officials in their official capacity cannot be sued under Section 1983 for damages." *Olison*, 2000 WL 1263597, at \*4 (internal citations omitted); *see also Will*, 491 U.S. at 71 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity.").

There are three, limited exceptions to the Eleventh Amendment bar against suits against states. The first is consent—that is, a state may waive immunity and agree to suit in federal court. *Ind. Prot. and Advoc. Servs.*, 603 F.3d at 371. The State's Motion to Dismiss stated that the State has not consented to suit. Memo. Dismiss at 5. That alone constitutes sufficient grounds to rule out the first exception.

The second exception is abrogation of the state's immunity by a valid exercise of Congress' powers. *Ind. Prot. and Advoc. Servs.*, 603 F.3d at 371. Johnson brought his claims pursuant to Sections 1983 and 1985 of the Civil Rights Act. Compl.

However, the Supreme Court has held that a State is not a person that can be sued under Section 1983, meaning Congress did not and could not abrogate the State's immunity by enacting Section 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). "The claims under Sections 1985 . . . are also not exceptions to state sovereign immunity, as [this] law[] [was] not intended to abrogate a state's Eleventh Amendment immunity." *Jimenez v. Illinois*, 2012 WL 174772, at *4 (N.D. Ill. Jan. 18, 2012), *aff'd sub nom. Jimenez v. Waller*, 498 F. App'x 633 (7th Cir. 2012) (citing *Rucker v. Higher Educational Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir. 1982)).

The third exception is the doctrine articulated by the Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908) which "allows private parties to sue individual state officials for *prospective* relief to enjoin ongoing violations of federal law." *Council 31 of the Am. Fed'n of State, Cnty. and Mun. Emps. v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012) (emphasis added) (internal citations omitted). Johnson's Complaint names the State of Illinois as the only defendant. Compl. at 1. In his Response, Johnson appears to suggest that he is bringing suit against the Illinois Secretary of State Jesse White rather than the State of Illinois, and therefore, presumably, no Eleventh Amendment bar exists. R. 10, First Resp. at 1–4; However, a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). Even if the Court were to allow Johnson to amend his Complaint to name Secretary White, he would be required to sue Secretary

6

White in his official rather than individual capacity; since Plaintiff Johnson requests damages rather than prospective injunctive relief, any claim against Secretary White would fare no better than his claims against the State. *Id.* at 4.

While Johnson insists that his Complaint does not seek damages against the State, a plain reading of the Complaint belies that assertion. *See* First Resp. at 4 ("Essentially, [Johnson] is seeking an injunction, where he [is] deprived, by Jesse White . . . of his rights to due process and entitlement . . . for 2 default judgment[s] which [are] being ignored."). In point of fact, Johnson wants the Court to award him money damages for the State's alleged due process violations, which the Court cannot do under the Eleventh Amendment. Compl. at 6 ("[Johnson] is seeking damages under 42 U.S.C. [§§] 1983 and 1985, due to the State of Illinois['] violation of his rights in each of the reviewing Court[s] who violated it and for each of the cases they violated it in, but is to work with and settle for only the amount sought in the first claim, with condition for an agreeable Police Racial Profiling State law . . . .").[4] In short, the Eleventh Amendment forecloses Johnson's claim against the State and none of the exceptions that allow suits against a state are present here.

While the Court could end its analysis at this juncture, in the interest of completeness, the Court addresses the State's second argument under Rule 12(b)(1).

---

[4]To the extent Johnson is requesting that this Court order the creation of "Police Racial Profiling State law," this Court's role is to *interpret* state law in the narrowest way possible, not expand or create state law. *See Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 635–36 (7th Cir. 2007). And, as discussed in the next Section, *see Supra* Section II, the Illinois state courts have already rejected Johnson's claims.

## II. *Rooker-Feldman* Doctrine

The State also moves to dismiss the Complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Memo. Dismiss at 6. The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). In effect, lower federal courts—such as this one—are not vested with appellate authority over state courts. *Sykes v. Cook Cty Cir. Ct. Probate Div.*, 837 F.3d 736, 741 (7th Cir. 2016). Rather, "the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). The rationale for the *Rooker-Feldman* doctrine is that "no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016); *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012).

Johnson's claims stem from his challenges of the Illinois Court of Claims' dismissal decisions. *See generally* Compl. Johnson first brought the matter to the Circuit Court of Will County, which dismissed his two cases. 5/10/18 Order at 2. From there, Johnson appealed to the Illinois Court of Appeals, which affirmed the dismissal. *Id.* When his appeal failed, Johnson filed a Petition for Leave to Appeal to the Illinois Supreme Court, which was denied. R. 10 at 51. Contrary to Johnson's

arguments, there exists no state court decision to enforce, as his state court complaints were all dismissed. First Resp. at 1. Rather, Johnson appears to request that the Court overturn the Court of Claims dismissal. *Id.* Since Johnson's claim arise from state cases where the state courts rendered a final judgment, the Court lacks jurisdiction over the matter and it must be dismissed.[5]

## Conclusion

For the foregoing reasons, the Court grants the State's Motion to Dismiss [7]. Johnson's Motion to Stri[ke] the Request for Jury Trial [25] is denied as moot. Since Johnson does not request leave to file an amended complaint in his Responses, *see* R. 10, R. 17, R. 21, and the Court finds no basis to allow an amendment—as such an attempt appears to be futile based on the Eleventh Amendment and the *Rooker-Feldman* Doctrine—the Court dismisses Johnson's Complaint [4] with prejudice. This civil case is terminated.


Dated: September 21, 2021

United States District Judge
Franklin U. Valderrama

---

[5]Because the Court has found that it lacks subject matter jurisdiction over Johnson's claims, it need not address the State's arguments that Johnson fails to state a claim under Rule 12(b)(6). *See Rizzi v. Calumet City*, 11 F. Supp. 2d 994, 995 (N.D. Ill. 1998) ("If the court dismisses [a] count . . . of the complaint for lack of subject matter jurisdiction, the accompanying [12(b)(6)] defense becomes moot and need not be addressed.").